**RITA F. BARONE, ESQ.**
**Attorney ID No. 038211995**
**PURCELL, MULCAHY & FLANAGAN**
**One Pluckemin Way**
**P.O. Box 754**
**Bedminster, NJ 07921**
**(908) 658-3800**
**Attorneys for Defendant, Teaneck Community Charter School**
**Our File: 304-26623 -RFB**

| | |
|---|---|
| E.O. and D.O. o/b/o E.O.,<br><br>    Plaintiffs,<br><br>vs.<br><br>TEANECK BOARD OF EDUCATION and TEANECK COMMUNITY CHARTER SCHOOL,<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>DOCKET NO.  2:20-CV-04803<br><br>Civil Action<br><br>**ANSWER** |

Defendant, Teaneck Community Charter School, having offices at 563 Chestnut Avenue, Teaneck, New Jersey 07666, by way of Answer to the Complaint, says:

**PARTIES**

1. Defendant Teaneck Community Charter School ("TCCS") admits the allegations set forth in paragraph 1 of the Complaint.

2. Defendant TCCS admits the allegations set forth in paragraph 2 of the Complaint.

1

3. No response is required to paragraph 3 of the Complaint, as it sets forth legal conclusions.

4. Defendant TCCS admits it is a public school, funded by public monies and open to residents within the Board's school district. Defendant TCCS provides no response to the remaining allegations in paragraph 4 of the Complaint, as it sets forth legal conclusions to which no response is required.

## JURISDICTION AND VENUE

5. Defendant TCCS admits the allegations set forth in paragraph 5 of the Complaint.

6. Defendant TCCS admits the allegations set forth in paragraph 6 of the Complaint.

## FACTS

7. Defendant TCCS provides no response to paragraph 7 of the Complaint, as it sets forth legal conclusions to which no response is required.

6. Defendant TCCS admits the allegations set forth in this second paragraph 6 of the Complaint.

7. Defendant TCCS admits the allegations set forth in this second paragraph 7 of the Complaint.

8. Defendant TCCS admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant TCCS admits the allegations set forth in paragraph 9 of the Complaint.

10. Defendant TCCS admits the allegations set forth in paragraph 10 of the Complaint.

11. Defendant TCCS admits the allegations set forth in paragraph 11 of the Complaint.

12. Defendant TCCS neither admits nor denies the allegations in paragraph 12 of the Complaint as they are not directed toward TCCS.

13. Defendant TCCS neither admits nor denies the allegations in paragraph 13 of the Complaint as the documents referenced speak for themselves.

14. Defendant TCCS neither admits nor denies the allegations in paragraph 14 of the Complaint as they are not directed toward TCCS.

15. Defendant TCCS admits Parents filed an Emergent Relief Application on March 10, 2020, the contents of which speak for themselves. TCCS is without information or belief as to the remaining allegations in paragraph 15 of the Complaint and leaves plaintiffs to their proofs.

16. Defendant TCCS provides no response to paragraph 16 of the Complaint as to its conclusions of law to which no response is required. As to documents referenced in paragraph 16 of the Complaint, the documents speak for themselves.

17. Defendant TCCS admits E.O. has attended Sinai School as described in paragraph 17 of the Complaint. TCCS neither admits nor denies the remaining allegations in paragraph 17 of the Complaint as they are not directed toward TCCS.

18. Defendant TCCS admits E.O.'s tuition has not been paid to Sinai School. Defendant TCCS provides no response to paragraph 18 of the Complaint as to conclusions of law to which no response is required. As to the Agreement referenced in paragraph 18 of the Complaint, the document speaks for itself.

19. Defendant TCCS neither admits nor denies the allegations in paragraph 19 of the Complaint as they are not addressed against TCSS.

## COUNT ONE

### PLAINTIFFS ARGUE THE BOARD IS RESPONSIBLE TO PAY TUITION FOR E.O.'S STAY-PUT PLACEMENT AT SINAI SCHOOL

20. Defendant TCCS provides no response to paragraph 20 of as it is not directed against TCCS.

21. Defendant TCCS provides no response to paragraph 21 of the Complaint, as it is not directed against TCCS.

22. Defendant TCCS provides no response to paragraph 21 of the Complaint, as it is not directed against TCCS.

23. Defendant TCCS denies the allegations directed against it set forth in paragraph 23 of the Complaint. Defendant TCCS

4

neither admits nor denies the remaining allegations in paragraph 23 of the Complaint as they are not addressed against TCSS.

24. Defendant TCCS neither admits nor denies the allegations in paragraph 24 of the Complaint as they are not addressed against TCSS.

25. Defendant TCCS provides no response to paragraph 25 of the Complaint, as it sets forth legal conclusions to which no response is required.

26. Defendant TCCS provides no response to paragraph 26 of the Complaint, as its allegations are not addressed against TCSS.

**COUNT TWO**
**Declaratory Judgment**

**PLAINTIFF ARGUES IN THE ALTERNATIVE THAT TCCS IS RESPONSIBLE TO PAY TUITION FOR E.O.'S STAY-PUT PLACEMENT AT SINAI SCHOOL**

27. Defendant TCCS admits TCSS and the plaintiffs agreed as set forth in plaintiffs' Exhibit B to the Complaint, the contents of which speak for themselves.

28. Defendant TCCS provides no response to paragraph 28 of the Complaint, as it sets forth legal conclusions to which no response is required.

29. Defendant TCCS provides no response to paragraph 29 of the Complaint, as it sets forth legal conclusions to which no response is required.

5

30. Defendant TCCS neither admits nor denies the allegations in paragraph 30 of the Complaint as they are not addressed against TCSS.

31. Defendant TCCS neither admits nor denies the allegations in paragraph 31 of the Complaint as they are not directed against TCSS.

### COUNT THREE
### Specific Performance

**PLAINTIFF ARGUES IN THE ALTERNATIVE THAT TCCS IS RESPONSIBLE FOR SINAI TUITION UNDER THE DECEMBER 16, 2019 SETTLEMENT AGREEMENT**

32. Defendant TCCS denies the allegations in paragraph 32 of the Complaint beyond the December 16, 2019 payment.

33. Defendant TCCS admits that there is a Settlement Agreement between TCCS and plaintiffs, relied upon by plaintiffs in paragraph 33 of the Complaint. As to the contents of paragraphs 1 and 2 of the Settlement Agreement referenced in paragraph 33 of the Complaint, their contents speak for themselves.

34. Defendant TCCS neither admits nor denies the allegations in paragraph 34 of the Complaint as they are not addressed against TCSS.

35. Defendant TCCS admits the parties may reasonably rely upon the Agreement referenced. Defendant TCCS neither admits nor denies the remaining allegations in paragraph 35 of the Complaint as they are not addressed against TCSS.

6

36. Defendant TCCS provides no response to paragraph 36 of the Complaint, as it sets forth legal conclusions to which no response is required.

**WHEREFORE,** TCCS respectfully request that the Court:

a. Deny plaintiff's request to vacate the subject Order;

b. Enforce the terms of the Settlement Agreement between the parties and compel the resident District to provide all costs of the stay-put placement;

c. Deny the request of any party that TCSS be compelled to provide any costs of E.O.'s placement at Sinai School beyond the payment of costs as set forth in the Settlement Agreement;

d. Require the parties to comply with the terms of the Settlement Agreement as to payment for E.O.'s costs at Sinai School with the resident District being responsible for all costs as of December 17, 2019;

e. Deny plaintiffs' request for counsel fees as to any TCCS contribution; and

f. Dismiss the Complaint with prejudice as to Defendant Teaneck Community Charter School.

**AFFIRMATIVE DEFENSES**

1. No aspect of the New Jersey Charter School Program Act places fiscal responsibility on a charter school for any period of a charter student's enrollment in a private school.

2. E.O. was unilaterally placed at the Sinai School by her parents from September 2019 through December 16, 2019.

3. The resident district is financially responsible for all TCCS costs related to E.O.'s placement beginning on December 17, 2019 as per her Amended IEP that was agreed to by all required parties to the IEP meeting for E.O., and the parties' Settlement Agreement.

4. Plaintiffs' claim is not based upon an appropriate legal standard as against TCCS, as it seeks relief beyond what is required by law.

5. Judge Barry E. Moscowitz's Order of January 28, 2020 approved the Settlement Agreement between the plaintiffs and TCCS that placed E.O. at Sinai School with the District having fiscal responsibility for the placement as of December 17, 2019.

6. The cost of E.O.'s "stay-put" placement at Sinai School is not the responsibility of TCCS under 20 U.S.C. 1451(j) relied upon by plaintiffs.

7. The New Jersey Charter School Program Act N.J.S.A. 18A:36A-11(b) and its implementing regulation at N.J.A.C. 6A:23A-15.4 both place exclusive responsibility for a charter school student's private school costs on the student's resident District.

8. The resident District is financially responsible for all TCCS costs related to E.O.'s placement beginning on December 17, 2019 as per her Amended IEP that was agreed to by all required parties to the IEP meeting.

9. This court lacks jurisdiction because plaintiffs have failed to exhaust their administrative remedies.

10. Plaintiffs fail to state a claim upon which relief can be granted because ALJ Bass held that the emergent relief application was procedurally flawed.

11. Plaintiffs fail to state a claim upon which relief can be granted because ALJ Bass held that the emergent relief application failed on the merits.

                            PURCELL, MULCAHY & FLANAGAN, LLC
                            Attorneys for Defendant
                            Teaneck Community Charger School

                            By:    */s/ Rita F. Barone*
                                   RITA F. BARONE

DATED: June 22, 2020