<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| E.O. *et al.*, | Civil Action No. 20-4803 (SDW) (LDW) |
| Plaintiffs, | |
| v. | **OPINION** |
| TEANECK BOARD OF EDUCATION, *et al.*, | |
| Defendants. | August 7, 2020 |

**WIGENTON,** District Judge.

Before this Court is Defendant Teaneck Board of Education's ("TBE" or "Defendant") Motion to Dismiss ("Motion") Plaintiffs E.O. and D.O.'s ("Plaintiffs") Complaint (D.E. 1 ("Compl.")) filed on behalf of their daughter, E.O., for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 6.) This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §1415(i)(2). Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion is **DENIED.**

**I. BACKGROUND**

This matter comes before this Court after an Administrative Law Judge ("ALJ") denied Plaintiffs' application for emergent relief—seeking to keep E.O. at the Sinai School ("Sinai") under the Individuals with Disabilities Education Act's ("IDEA") "stay-put" provision—during the pendency of proceedings before New Jersey's Office of Administrative Law ("OAL") challenging E.O.'s placement at Sinai. (*See generally* Compl.) Before turning to the Motion, this

Court provides a brief overview of the IDEA to contextualize the factual and procedural record.

The IDEA was enacted to ensure that children with disabilities receive a free appropriate public education ("FAPE") and are not placed "in regular classrooms awaiting the time when they were old enough to drop out." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 179 (1982) (discussing the history of the IDEA) (internal quotations omitted). "The IDEA protects the rights of disabled children by mandating that public educational institutions identify and effectively educate those children, or pay for their education elsewhere if they require specialized services that the public institution cannot provide." *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244 (3d Cir. 2012) (quoting *P.P. ex rel. Michael P. v. W. Chester Sch. Dist.*, 585 F.3d 727, 735 (3d Cir. 2009)). Under the IDEA, local education agencies are required to (1) identify children in need of special education services, and (2) provide them with a FAPE.[1] *See id.*

States provide FAPEs by means of an "individualized education program" ("IEP").[2] *See* 20 U.S.C. § 1414(d); *Shore Reg'l*, 381 F.3d at 198. "The education provided must 'be sufficient to confer some educational benefit'" upon the student. *T.R. ex rel. N.R. v. Kingwood Twp. Bd. of Educ.*, 205 F.3d 572, 577–78 (3d Cir. 2000) (noting that an appropriate IEP "must provide 'significant learning' and confer 'meaningful benefit' as 'gauged in relation to a child's potential'"). The administrative process delineated under the IDEA "provide[s] parents with an avenue to file a complaint and to participate in an impartial due process hearing with respect to 'any matter relating to the identification, evaluation, or educational placement of the[ir] child, or

---

[1] A FAPE "'consists of educational instruction specially designed to meet the unique needs of the . . . child, supported by such services as are necessary to permit the child to "benefit" from the instruction.'" *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 264 (3d Cir. 2003) (quoting *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 756 (3d Cir. 1995)); *see also Shore Reg'l High Sch. Bd. of Educ. v. P.S. ex rel. P.S.*, 381 F.3d 194, 198 (3d Cir. 2004) (discussing FAPE requirements and citing 20 U.S.C. § 1401(8)).

[2] "An IEP must, among other things, identify a child's current performance, include short-term and long-term goals, and set out services to be provided." *L.W. v. Jersey City Bd. of Educ.*, No. 17-6451, 2018 WL 3536095, at *2 (D.N.J. July 23, 2018) (citing 20 U.S.C. § 1414(d)).

2

the provision of a free appropriate public education to such child . . . .'" *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014) (quoting 20 U.S.C. § 1415(b)(6)(A)).

## II.     FACTUAL AND PROCEDURAL HISTORY

E.O. is an eight-year-old child who is eligible for special education services under the IDEA, and resides with her parents in Teaneck, New Jersey.  (Compl. ¶¶ 1–2.)  Although E.O. was enrolled in a public institution—Teaneck Community Charter School ("TCCS")—for the 2019-2020 academic year, Plaintiffs unilaterally enrolled E.O. at Sinai on September 17, 2019.  (*Id.* ¶¶ 6–7.)[3]  Plaintiffs then requested independent evaluations for E.O. by way of a due process petition filed with the OAL against TCCS.  (*Id.* ¶ 7.)  TCCS and Plaintiffs ultimately settled the dispute in January 2020 by agreeing, among other provisions, that: (i) E.O.'s IEP would be amended, effective December 16, 2019, to reflect placement at Sinai for the 2019-2020 school year; (ii) E.O. would continue to receive instruction at Sinai for the remainder of the 2019-2020 academic year; and (iii) TCCS would reimburse Plaintiffs for E.O.'s Sinai tuition from September 17, 2019 to December 16, 2019.  (*Id.* ¶¶ 9–12; D.E. 1-2, Ex. B at 4–9 ("Settlement") ¶¶ 1–2).)[4]  The Settlement was approved by an ALJ on January 23, 2020.  (Compl. ¶ 13; D.E. 1-2, Ex. B at 1–2.)

Relevant here, the Settlement also stated that Plaintiffs "understand that funding for [E.O.'s] placement [at Sinai] as of December 17, 2019 is the responsibility of the Teaneck School District pursuant to N.J.S.A. 18A:36A-11(b) and N.J.A.C. 6A:23A-15.4,"[5] and that TCCS would

---

[3] Because the Complaint contains multiple paragraphs numbered 6 and 7, the Court notes that it refers to paragraphs labeled 6 through 7 under the "Facts" section.

[4] The Court refers to the ECF pagination of Exhibit B, which was attached to the Plaintiffs' Complaint.  *See T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 14-4209, 2015 WL 1119475, at *4 (D.N.J. Mar. 11, 2015) ("In evaluating a plaintiff's claims, a court may consider the allegations of the complaint as well as documents attached to or specifically referenced in the complaint.") (citing *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003)).

[5] By way of background, New Jersey Statutes Annotated § 18A:36A-11(b) provides that "[a] charter school shall comply with the provisions of . . . New Jersey Statutes concerning the provision of services to students with

disclose the Settlement and E.O.'s amended IEP "to the Teaneck School District, which may, at its option exercise its right to challenge the placement." (Settlement ¶ 2.) Neither the Teaneck School District nor TBE[6] were signatories to the Settlement. (*See* Settlement at 9; *see also* Compl. ¶¶ 9, 14.) On January 21, 2020, TBE filed a due process petition challenging E.O.'s placement at Sinai, arguing that E.O.'s special education needs can be met in a less restrictive environment. (Compl. ¶ 14; D.E. 1-1, Ex. A ("March 23, 2020 ALJ Decision") at 2.)

Subsequently, on March 10, 2020, Plaintiffs filed an emergent application with the ALJ seeking to invoke the IDEA's "stay-put" provision[7] in order to keep E.O. enrolled at Sinai during the pendency of OAL proceedings initiated by TBE. (Compl. ¶ 15.) On March 23, 2020, the ALJ denied Plaintiffs' request, noting that Plaintiffs' "legal rights to a publicly funded placement at a non-approved school is far from well-settled." (March 23, 2020 ALJ Decision at 7 (stating that the order "shall remain in effect until issuance of the final decision in the matter"); Compl. ¶ 16.)

On April 22, 2020, Plaintiffs filed this action against TBE and TCCS seeking to reverse the March 23, 2020 ALJ Decision. (Compl. at 1–2). Specifically, Plaintiffs request a declaratory judgment holding either TBE or, alternatively, TCCS responsible for E.O.'s tuition at Sinai

---

disabilities; except that the fiscal responsibility for any student currently enrolled in or determined to require a private day or residential school shall remain with the district of residence." Additionally, the statute requires that "[w]ithin 15 days of the signing of the [IEP], a charter school shall provide notice to the resident district of any [IEP] which results in a private day or residential placement." N.J. Stat. Ann. § 18A:36A-11(b). Upon such notice, the resident district may "immediately request" the student's file, which the charter school must provide "without delay." N.J. Admin. Code § 6A:23A-15.4(a)(1). The resident district has thirty days to challenge the placement via a due process hearing. *Id.* § 6A:23A-15.4(b).

[6] Because the Complaint and the parties treat the Teaneck School District and TBE as the same entity, the Court will only refer to TBE hereinafter. (*See* Compl. ¶ 14; D.E. 6-1 ¶ 2.)

[7] The IDEA's "stay-put" provision provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . ." 20 U.S.C. § 1415(j).

pending the completion of proceedings before the OAL (Counts I–II).[8] (*Id.* ¶¶ 20–31.) TBE filed the instant Motion on June 11, 2020; Plaintiffs submitted an opposition on June 22, 2020, and TBE filed a reply on June 29, 2020.[9] (D.E. 6, 6-1, 8, 10.)

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual attack to a court's subject matter jurisdiction. "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, No. 17-1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018). When reviewing facial attacks, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In contrast, with a factual attack, "a court may weigh and 'consider evidence outside the pleadings.'" *Id.* (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

A defendant may also move to dismiss a complaint for failing to state a claim under Rule 12(b)(6). An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224,

---

[8] Alternatively, Plaintiffs also assert Count III for specific performance holding "TCSS [sic] . . . Responsible for Sinai Turion [sic] Under the December 16, 2019 Settlement Agreement." (*Id.* ¶¶ 32–36.)

[9] Because Plaintiffs filed a sur-reply without this Court's permission in violation of Local Civil Rule 7.1(d)(6), Plaintiffs' additional submission (*see* D.E. 11) is not considered. This Court also notes that TCCS filed an answer to the Complaint on June 22, 2020, and therefore did not join in TBE's Motion. (D.E. 7.)

231 (3d Cir. 2008). In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).

**IV.** **DISCUSSION**

### A. Exhaustion of Administrative Remedies

It is well established that plaintiffs seeking relief under the IDEA "must exhaust [their] administrative remedies before filing a lawsuit," as a prerequisite to the district court's ability to exercise subject matter jurisdiction. *Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 130–31 (3d Cir. 2017) (citing *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994)); *see also D.M. & L.M. o/b/o E.M. v. New Jersey Dep't of Educ.*, No. 14-4620, 2015 WL 7295992, at *6 (D.N.J. Nov. 17, 2015) ("Although § 1415(i)(2) grants subject matter jurisdiction to federal courts, it is clear from the language of the [IDEA] that Congress intended plaintiffs to complete the administrative process before resorting to federal court.") (internal quotations omitted) (alteration in original). Here, however, the weight of authority supports Plaintiffs' argument that exhaustion is unnecessary because they cannot challenge the March 23, 2020 ALJ Decision denying Plaintiffs' specific request for E.O.'s "stay-put" placement at Sinai in any future administrative proceedings. *See Cinnaminson Twp. Bd. of Educ. v. K.L.*, No. 16-3586, 2016 WL 4212121, at *3 (D.N.J. Aug. 9, 2016) (noting that "[a]lthough the stay-put provision has no express language concerning appeal to a district court from an ALJ determination . . . [o]ur courts . . . accept jurisdiction of stay put disputes, and the Court of Appeals has expressed no concern about the jurisdictional basis") (internal citation and quotations omitted); *R.B. ex rel. Parent v. Mastery Charter Sch.*, 762 F. Supp. 2d 745, 755–56 (E.D. Pa. 2010), *aff'd sub nom. R.B. v. Mastery Charter*

6

*Sch.*, 532 F. App'x 136 (3d Cir. 2013) (denying motions to dismiss for lack of subject matter jurisdiction because "access to immediate interim relief is essential for the vindication of this particular IDEA right" conferred by the stay-put provision); (s*ee also* D.E. 8 at 11.) Thus, this Court exercises subject matter jurisdiction over Plaintiffs' claims notwithstanding that administrative proceedings remain ongoing. (*See* March 23, 2020 ALJ Decision at 7.)

### B. Prior Proceedings

Next, TBE contends that because it was an indispensable party, Plaintiffs and TCCS's failure to include TBE in their "prior litigation" precludes Plaintiffs from maintaining the present claims against TBE. (D.E. 6-1 at 13.) Stated differently, Plaintiffs' failure to include TBE in their first due process petition before the OAL and against TCCS prevents Plaintiffs from bringing related claims against TBE in federal court. This Court is not persuaded. First, TBE cites no case on point for this proposition, and the Court has located none. *D.K. v. Roseland Board of Education*, 903 F. Supp. 797 (D.N.J. 1995) is distinguishable because the court was faced with a different issue: whether a defendant school district was properly dismissed by the ALJ below. There, the court reversed the ALJ because the defendant district spurred the dispute after it instigated a "change in [plaintiff's] educational plan, and . . . essentially . . . barr[ed] plaintiff from its school," notwithstanding the resident district's willingness to pay the child's tuition. [10] *Id.* at 800. Second, TBE's argument would essentially render meaningless its statutory right to challenge a student's placement by a charter school in a private day or residential program. *See supra* n.5 (noting a district's right to request a student's file and challenge a charter school's placement within 30 days). Significantly, this action stems from the due process petition filed by TBE in exercise of its right pursuant to New Jersey Administrative Code § 6A:23A-15.4(b). Accordingly, prior

---

[10] Moreover, because Plaintiffs and TCCS settled their dispute by amending E.O.'s IEP to reflect placement at Sinai, it remains unknown whether the ALJ would have required TBE to participate in the proceedings.

administrative proceedings between Plaintiffs and TCCS do not preclude Plaintiffs present claim against TBE.

### C. Failure to State a Claim

Finally, TBE moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because the ALJ properly concluded that Plaintiffs emergent application for a "stay-put" order was (i) procedurally deficient and (ii) failed on the merits. (D.E. 6-1 at 15–22.) Here, however, Plaintiffs allege only one count against TBE for declaratory judgment establishing Sinai as E.O.'s "stay-put" placement and holding TBE accountable for E.O.'s Sinai tuition pending resolution of OAL proceedings. (Compl. ¶¶ 20–26.)

The Declaratory Judgment Act ("DJA") provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). To determine whether a justiciable controversy exists under the DJA, a court must consider whether: (1) the parties "have adverse legal interests;" (2) the facts are "sufficiently concrete to allow for a conclusive legal judgment;" and (3) the judgment would be "useful to the parties." *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006); *see also Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1337 (Fed. Cir. 2007) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In the present matter, TBE does not establish how Plaintiffs fail to state a claim for

8

declaratory relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Conversely, it appears that TBE's arguments support the notion that a declaratory judgment upholding the March 23, 2020 ALJ Decision would be proper. (*See generally* D.E. 6-1 at 15–22; D.E. 10 at 8–12.) Thus, the Court denies TBE's motion to dismiss for failure to state a claim.

## V.  CONCLUSION

For the reasons set forth above, Defendant's Motion is **DENIED**. An appropriate order follows.

   /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:     Clerk
cc:       Leda D. Wettre, U.S.M.J.
           Parties